## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DOREITHA BROOKS

       Plaintiff,

                                         **CASE NO.:**

v.

MIDLAND CREDIT MANAGEMENT, INC.,

       Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides within the Judicial District.

6. Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

## PARTIES

8. Plaintiff is a natural person.

9. Plaintiff resides in the City of Emporia, County of Lyon, State of Kansas.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), because the debt Defendant is collecting is a personal debt to Household Bank, used for personal, family and household purposes.

11. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq. because she is a natural person.

12. Defendant, Midland Credit Management, Inc. is a domestic corporation.

13. Defendant maintains a Kansas resident agent of Corporation Service Company, 2900 S.W. Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

14. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), because the Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

15. The principal business of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**FACTUAL ALLEGATIONS AND CAUSES OF ACTION**

17. Sometime prior to the filing of the instant action, the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal Household Bank account, MCM account #......7973 (hereinafter the "Account").

18. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. The Account went into default with the original creditor in June of 2005 with a balance of $354.83.

20. Subsequently, the Account was purchased by Atlantic Credit and Finance.

21. Years later, Midland Funding, LLC purchased the account at a substantial discount.

22. Midland Funding, LLC has no employees.

23. Midland Funding, LLC is in possession of no documents bearing Plaintiff's signature.

24. At some point, the Account was placed or otherwise transferred to the Defendant for collection by Midland Funding, LLC.

25. The Plaintiff disputes the Account.

26. The Plaintiff requests that the Defendant cease all further communication on the Account.

27. The Plaintiff is represented by the undersigned attorney with respect to the subject debt and any other debts collected by Defendant from Plaintiff.

28. The Plaintiff requests that the Defendant validate the debt pursuant to 15 U.S.C. § 1692g.

29. In the year prior to the filing of the instant action, including but not limited to February of 2014, the Defendant, acting through its representatives, employees and/or agents, mailed a collection letter to Plaintiff.

30. The purpose of the letter was to attempt to collect the Account.

31. The letter conveyed information regarding the Account directly or indirectly to the Plaintiff.

32. The letter constituted a "communication" as defined by FDCPA § 1692a(2).

33. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant mailed the letter to the Plaintiff was to attempt to collect the Account.

34. Defendant falsely stated the amount owed was $1,527.90 by impermissibly adding fees and or interest to the default amount of $354.83 to which it and/or Midland Funding, LLC is not entitled in violation of 15 U.S.C. § 1692e.

35. "The Act [FDCPA] is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

36. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

37. The FDCPA is a remedial statute; it should be construed liberally in favor of the consumer. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

38. The FDCPA allows the consumer to orally dispute a debt. <u>Camacho v. Bridgeport Financial Inc.</u>, 430 F.3d 1078, 1081 (9th Cir. 2005) and <u>Brady v. The Credit Recovery Company, Inc.</u>, 160 F.3d 64, 67 (1st Cir.1998).

39. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. <u>Sambor v. Omnia Credit Servs.</u>, 183 F.Supp. 2d 1234, 1240 (D. Haw. 2002).

40. A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all. <u>Mendez v. M.R.S. Assoc.</u>, 2004 WL 1745779, page 2 (N.D.Ill. August 3, 2004).

41. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered damages, including emotional distress.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. A finding that Defendant violated the FDCPA.

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
1 E. Washington St. Ste. 500
Phoenix, AZ 85004
meinhardtlaw@gmail.com
913/827-1950
ATTORNEY FOR PLAINTIFF